IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CONSUMER DATA INDUSTRY
ASSOCIATION,

      Plaintiff,

vs.                                               No. 10-Civ-458 MCA/WDS

GARY K. KING, in his official
capacity as ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Defendant.

## **ORDER**

This matter is before the Court upon Plaintiff's *Motion to Stay Order Dismissing Complaint and to Restore Temporary Restraining Order*. [Doc. 50] The Court has considered the Motion, the Response and Reply, the submissions of the parties and the applicable law, and is otherwise fully advised in the premises.

Plaintiff's motion is governed by Fed. Civ. P. Rule 62(c), which provides as follows:

> **Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that . . . dissolves . . . an injunction, the court may . . . restore . . . an injunction on terms for bond or other terms that secure the opposing party's rights.

In exercising the discretion conferred by Rule 62(c), a court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

1.     **Likelihood of Success on the Merits of Plaintiff's Appeal from the Court's Ruling that Plaintiff Failed to Demonstrate Standing**

In its previous Order, the Court, relying on Article III standing principles set in *Nova Health Systems v. Gandy*, 416 F.3d 1149 (10th Cir. 2005), concluded that the New Mexico Legislature's creation of a private cause of action in favor of affected consumers undercut Plaintiff's argument that an injunction or declaratory relief running solely against Defendant would relieve Plaintiff's members of the threat of enforcement actions.  The Court recognizes that the FCRISA differs from the Oklahoma tort statute at issue in *Nova Health*. The Oklahoma statute at issue in *Nova Health* did not charge any state official with a duty to enforce the statute, the officials in question were simply within the class of persons who might have a claim under the statute.  In contrast to the Oklahoma statute, the FCRISA identifies Defendant as the state officer who may bring enforcement actions. But like the Oklahoma statute, the FCRISA does not provide Defendant with any enforcement power that is not also available to a private litigant suing in his or her own behalf.  Thus, both the Oklahoma statute at issue in *Nova Health* and the FCRISA similarly leave the plaintiff (or the plaintiff's members) exposed to suit by "a multitude of other prospective litigants":

> [W]hen privately enforceable tort laws are challenged, the cases have found a lack of redressability. . . .The remedy against state officials, be it an injunction or a declaratory judgment, simply will not do the plaintiffs much good.  It certainly will not prevent them from being sued in state court for violations of the underlying statutes.  Thus, to the extent that the plaintiffs are injured by the chilling effect of the statues, and the possibility of state court lawsuits for substantial liability against them, an injunction or declaratory judgment against, say, the attorney general of the state, will not prevent that harm.
> . . . .
> The injuries that federal court plaintiffs are suffering from privately-enforced statutes are caused by the threat of the civil lawsuits that might cause the plaintiffs to incur substantial liability (thus, creating the "chilling effect["]). The actors most immediately connected to that harm are private plaintiffs and state

>court judges.  It is unlikely that private plaintiffs will be much affected by a
>declaratory judgment in an action in which they were not parties.  And state
>judges are likely to give the opinions of lower federal courts as much weight as
>the arguments used by the lower federal courts to support those opinions deserve.
>They have no obligation to follow them.
>. . . .
>    Hence, a declaration that a state law is unconstitutional will not immunize
>the declaratory judgment plaintiff from liability for damages in state court.
>Indeed, the court in *Nova Health Systems* appeared to suggest that even if the
>state defendants could enforce the abortion tort statute (for example, by suing for
>damages in state court) it would not give plaintiffs standing because a declaration
>or injunction in plaintiff's favor would not prevent others from suing them in state
>court. As a matter of common sense, if substantial liability has a significant
>chilling effect on the behavior of some actors, the fact that those actors have one
>additional non-binding authority to cite in a lawsuit against them, or that one of
>many potential litigants could not sue them, would not seem to provide much of a
>thaw.

Michael E. Roseman, *Challenges to State Anti-Preference Laws and the Role of Federal Courts*, 18 Wm. & Mary Bill Rts. J. 709, 727, 733, 734-35 (2010) (footnotes omitted).

Because Plaintiff seeks to enjoin Defendant from enforcing a statute enacted by the New Mexico legislature in the public interest, Plaintiff must meet the traditional "probability of success requirement," rather than the less rigorous "fair-ground-for-litigation standard" that is sometimes applied.  *See  Heideman v. South Salt Lake City*,  348 F.3d 1182, 1189 (10th Cir. 2003) (discussing standard of likelihood of success applicable to preliminary injunction that seeks to enjoin governmental action taken in the public interest;  internal quotation mark is omitted"). This Court is not persuaded that it has misapplied the standing principles set out in *Nova Heatlh*. Therefore,  the Court concludes that Plaintiff has failed to establish the requisite strong probability of success.

## 2.     Irreparable Harm to Plaintiff from Denial of a Stay

Plaintiff argues that its members' compliance with the FCRISA would result in "unrecoverable economic harm. . . including significant administrative costs and burdens as the

CRAs modify their otherwise nationally-uniform procedures." [Doc. 51 at 5]  What is missing in the record before the Court is any evidence that Plaintiff's members are seriously contemplating complying with the FCRISA if a stay is denied.   This is not a case like *Ex parte Young*, 209 U.S. 123 (1908), where the statutes in question were enforceable by criminal sanctions and ruinous civil penalties, eliminating as a practical matter the option of disobeying allegedly unconstitutional state regulation and thereafter challenging it in court. Unlike the Minnesota laws at issue in *Ex parte Young*, the FCRISA does not  provide any criminal penalties, and the modest civil remedies it provides are extremely unlikely to result in ruinous liability in the handful of cases that might be brought by Defendant on behalf of affected consumers while Plaintiff's appeal is pending.  Assuming that the burdens of compliance would be "significant" as represented by Plaintiff,  the most economically feasible course for Plaintiff's members in the event a stay is denied is to refuse to alter their current procedures in order to avoid the significant cost and inconvenience of compliance.  Expenses or burdens that will never eventuate cannot constitute harm, much less irreparable harm.   In the absence of clear evidence that Plaintiff's members will in fact modify their procedures if a stay is denied, treating the cost of compliance as irreparable harm is unwarranted. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, __(2008) (holding that applicant seeking preliminary injunction must demonstrate that irreparable injury is "*likely*" in the absence of an injunction).

It is well established that the expense of defending against litigation, even expense that is "substantial and unrecoupable," does not constitute irreparable injury." *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974);  internal quotation marks omitted).  The possibility that Plaintiff's members may incur

costs and attorney's fees in defending against FCRISA suits brought by Defendant during the pendency of Plaintiff's appeal does not establish irreparable harm.

Lastly, the Court is not persuaded that the possibility that Plaintiff's members could be found liable for damages or civil penalties in state court FCRISA suits brought by Defendant during the appeal constitutes irreparable harm.  In any state court actions brought by Defendant, Plaintiff's members can assert as defenses to liability the very same preemption arguments that Plaintiff has asserted in this case. New Mexico courts, including two levels of appellate review, are fully capable of correctly analyzing and applying federal law, and, therefore, to the extent that Plaintiff's preemption arguments have merit, liability will not  unjustifiably be imposed.

The Court concludes that Plaintiff has not shown that its members will suffer irreparable harm in the absence of a stay.

### 3. Whether Defendant Will Be Harmed by Issuance of a Stay

The State has an interest in protecting consumers from identity theft or the inclusion of erroneous information in credit reports, and this interest will be impaired  to the extent that Defendant is enjoined from enforcing the FCRISA.  However, Defendant has not provided the Court with any estimate of the number of cases that Defendant's office would bring in the absence of a stay.  As the Court has previously emphasized, the FCRISA permits the affected consumer to bring her, or his, own lawsuit.  Actions by consumers acting as private attorneys general will serve to vindicate the interests underlying the FCRISA. The Court concludes that in view of the provision for private lawsuits by affected consumers, and in view of the absence of evidence that Defendant would bring a significant number of FCRISA suits while Plaintiff's appeal is pending, it is unlikely that the grant of a stay would substantially harm the interests that Defendant seeks to protect through his enforcement powers under the FCRISA.

4.    **Where the Public Interest Lies**

Plaintiff must demonstrate that a stay, if issued, is not adverse to the public interest. *See Heideman*, 348 F.3d at 1191 (discussing showing required to obtain preliminary injunction).

The present case is one in which Plaintiff's interest in enforcing the supremacy of federal law is counterbalanced by interests of federalism and the presumption of constitutionality that attaches to state legislation. *See Heideman*, 348 F.3d at 1190-91. This factor favors neither party.

5.    **Overall Balance of the Four Rule 62(c) Stay Factors**

Factors 1 and 2 weigh against a stay; factor 3 weighs slightly in favor of a stay; and factor 4 is essentially a wash. The Court concludes that Plaintiff has not shown that the balance of factors tips clearly in its favor. Accordingly, Plaintiff's motion will be denied.

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff's *Motion to Stay Order Dismissing Complaint and to Restore Temporary Restraining Order* [Doc. 50], is **denied**.

**So Ordered this 7th day of July, 2011.**

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**M. CHRISTINA ARMIJO**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**